IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV114-03-MU

JAMES BENJAMIN BROWN,           )
                                )
          Plaintiff,            )
                                )
          v.                    )          **O R D E R**
                                )
SAM DOTSON et. al.,             )
                                )
          Defendant.            )
_____)

     **THIS MATTER** is before the Court on Plaintiff's "Motion for Reconsideration under Rule (e) (sic), Fed.R.Civ.P." (Document No. 8.)  By the instant motion, Plaintiff asks this Court to reconsider the Order dismissing his Complaint for failure to state a claim for relief because the Court erred in "not considering that the alleged handwritting (sic) sample that was allegedly taken from plaintiff (sic) cell was not produced in the disciplinary package, or at the DHO hearing since it was the based (sic) for the determination for the disciplinary charges."

     On March 28, 2007, Plaintiff filed a Complaint (Document No. 1) pursuant to 42 U.S.C. § 1983 alleging that Sam Dotson, Unit Manager at Marion Correctional Institution; Chris Surratt, Sergeant at Marion Correctional; James Johnson, Disciplinary Hearing Officer at Marion;  Curtis Sturgill, Assistant Unit Manager at Marion; Sid Harkleroad, Superintendent of Marion Correctional Institution, and Boyd Bennett, Director of Prisons, violated his due process rights because the evidence and witnesses that he requested at his disciplinary hearing were not provided to him in his defense; that Defendants lacked impartiality during the hearing; that he

1

received an inadequate statement regarding the disposition of his hearing and that documents improperly taken from his cell allegedly for the investigation were not returned to him.

By Order dated April 2, 2007, this Court considered the <u>Wolff</u> line of cases and determined there is some evidence to support the hearing officer's decision of Plaintiff's guilt and as such Plaintiff received the due process to which he was entitled. (Document No. 6.)

By the instant motion, filed on April 16, 2007, Plaintiff moves for reconsideration of this Court's April 2, 2007 Order on the basis that this Court did not consider that the handwriting sample that was taken from Plaintiff's cell was not produced at Plaintiff's disciplinary hearing. The Court notes that it specifically discussed the handwriting sample in footnote 4 and at the bottom of page 5 of this Court's Order. (See Document No. 6.)

This Court declines to consider Plaintiff's motion as the basis for this Court's dismissal still stands and Plaintiff has not asserted any new claims or facts that would alter the analysis of that Order. Therefore, Plaintiff's Motion for Reconsideration is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Document No. 8) is **DENIED**.


**SO ORDERED**.

Signed: April 17, 2007

Graham C. Mullen
United States District Judge